**HOWARD & HOWARD ATTORNEYS PLLC**
Ryan A. Ellis, Esq. (SBN: 272868)
2049 Century Park East, Suite 330
Los Angeles, CA 90067
Telephone: (424) 303-7700
Facsimile: (424) 274-3202
Email: re@h2law.com

*Attorneys for Defendants New Age Products, Inc.*
*and Frank Spano*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY HEALY, | CASE NO.: 8:19-cv-02455 |
| Plaintiff, | **DEFENDANTS' MOTION TO COMPEL ARBITRATION** |
| v. | |
| NEW AGE PRODUCTS, INC., and FRANK SPANO, | Date: January 27, 2020<br>Time: 8:30 AM |
| Defendants. | |

TO THIS HONORABLE COURT, ALL PARTIES HEREIN AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 27, 2020 at 8:30 AM at the Ronald Reagan Federal Building, United States Courthouse, 411 West Fourth Street, Courtroom 9D, Santa Ana, CA, 92701-4516, Defendants NewAge Products, Inc. and Frank Spano will move for an order compelling arbitration of this dispute. This Motion is brought pursuant to the Federal Arbitration Act and the purported agreement which is the subject of this action.

Said Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Ryan A. Ellis, filed concurrently herewith, the

Court's entire file in this action, and any and all oral or documentary evidence which the Court may consider at the time of hearing of this Motion.

## INTRODUCTION

Plaintiff Gregory Healy ("Healy") filed this lawsuit in Orange County Superior Court seeking to collect purported invoices allegedly owed by Defendant NewAge Products, Inc. ("NewAge") to Healy's former company Smart Turn Logistics, Inc. ("Smart Turn"). *See* Ex. A – Complaint. The Fulfillment Agreement attached to Healy's Complaint includes a clause which requires that disputes arising under or relating to the Fulfillment Agreement be resolved exclusively through binding arbitration in accordance with Rules of Arbitration of the American Arbitration Association. *See* Ex. A, at Ex. 1, Agreement p. 7, § 12(j). Accordingly, Defendants respectfully request that this Court compel the parties proceed with binding arbitration and dismiss this case with leave to re-open at the conclusion of arbitration.

## BACKGROUND

NewAge is a Canadian corporation that sells cabinets and other customizable home storage solutions. *See Exhibit 1 of the Declaration of Ryan A. Ellis (the "Ellis Declaration") at ¶ 4*. Frank Spano is a Canadian citizen and is the Chief Operating Officer of NewAge. *Id*. Healy is the former President and shareholder of Smart Turn. *Id. at Ex. 2 (the "Assignment"), p. 2.*

On April 1, 2015, NewAge entered into a Fulfillment Services Agreement (the "Fulfillment Agreement"), with a California company known as Sole Technology, Inc. ("Sole"). *Id*. Generally speaking, under the Fulfillment Agreement, NewAge agreed to pay Sole a fee for providing NewAge with certain fulfillment services. *Id*. at §§ 2, 3 and 4. The Fulfillment Agreement contains an arbitration clause that states "in the event of any dispute or difference arising of or relating to this Agreement… the disputes or differences shall be finally settled in arbitration in Orange County, California, United States of America, in accordance with the Rules of Arbitration of the American

HOWARD & HOWARD ATTORNEYS PLLC

2
DEFENDANTS' MOTION TO COMPEL ARBITRATION

Arbitration Association by three arbitrators familiar with the commercial practices of the industry" (hereinafter the "Arbitration Clause"). *Id*. at § 12(j).

On June 1, 2016, Sole assigned the Fulfillment Agreement to Smart Turn pursuant to an "Assignment of Agreement" (the "Assignment"), in which Sole assigned to Smart Turn all of its right, title and interest in and to the Fulfillment Agreement. *See* Ex. A, at Ex. 2, at ¶ 1. Smart Turn assumed "the obligation to perform all obligations of [Sole]." *Id*. Healy signed the Assignment as "President" of Smart Turn. *Id*.

On November 1, 2016, Healy apparently sold all of the shares of Smart Turn to DC Logistics Group, LLC ("DC") pursuant to a Sale of Stock Agreement (the "Stock Agreement"). *See Exhibit 2 of Ellis Declaration at p. 1*. According to Healy, all accounts receivable of Smart Turn outstanding prior to November 1, 2016, were not sold to DC and were retained by Healy. *Id*. NewAge is not indebted to Smart Turn or Healy for any amounts.[1]

On October 9, 2019, Healy filed a form Complaint in the Superior Court for the State of California, County of Orange (the "State Court"), purporting to allege a claim for breach of the Fulfillment Agreement by NewAge and Spano. *See* Ex. A. According to the Complaint, Healy seeks damages in the amount of $107,534.48. *Id*. at ¶ 10.

## LAW AND ARGUMENT

Congress enacted the Federal Arbitration Act (FAA) in 1925 in order to "counter prevalent judicial refusal to enforce arbitration agreements." *Mortensen v. Bresnan Comm'ns*, 722 F.3d 1151, 1157 (9th Cir. 2013). Section 2 of the FAA makes a written provision in a contract to settle a controversy by arbitration "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.1 "Section 2 is a congressional declaration of a liberal federal

---

[1] Frank Spano is not, as a matter of law, personally liable for an alleged breach of contract by NewAge. *See United States Liability Ins. Co. v. Haidinger–Hayes, Inc.*, 1 Cal.3d 586, 595 (1970) ("Directors and officers are not personally liable on contracts signed by them for and on behalf of the corporation unless they purport to bind themselves individually.").

DEFENDANTS' MOTION TO COMPEL ARBITRATION

policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). "The overarching purpose of the FAA ... is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT & T Mobility LLC v. Concepcion*, 563 U.S. 333, 344, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011). Any doubts about the scope of arbitrable issues, including applicable contract defenses, are to be resolved in favor of arbitration. *Moses H Cone*, 460 U.S. at 24–25, 103 S.Ct. 927; *Ferguson v. Corinthian Colls., Inc.*, 733 F.3d 928, 938 (9th Cir. 2013). Thus, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues to which an arbitration agreement has been signed." *KPMG LLP v. Cocchi*, 132 S. Ct. 23, 25-26 (2011) (per curiam) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original)).

Here, Healy does not dispute that the Fulfillment Agreement's is a valid and binding agreement. Indeed, the Fulfillment Agreement is an exhibit to Healy's Complaint, so its authenticity is beyond dispute. *Jones v. Skolnik*, 2012 WL 113109 (D. Nev. Jan. 12, 2012) (rejecting a challenge to authenticity of a document attached to a complaint); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

Although Healy is not personally a party to the Fulfillment Agreement, he is bound by the Arbitration Clause contained therein. An agent of an entity that is a signatory to an agreement to arbitrate is also bound to arbitrate where "(1) the wrongful acts of the agents for which they are sued relate to their behavior as agents or in their capacities as agents (*Letizia*) and (2) the claims against the agents arise out of or relate to the contract containing the arbitration clause (*Britton*)." *Amisil Holdings Ltd. v. Clarium Capital Management*, 622 F.Supp.2d 825, 835 (N.D.Cal.,2007) (citing *Letizia v. Prudential Bache Secs., Inc.*, 802 F.2d 1185 (9th Cir.1986); *Britton v. Co-op Banking Grp.*, 4 F.3d 742 (9th Cir.1993)).

In *Garcia v. Dell, Inc.*, 905 F.Supp.2d 1174, 1177 (S.D. Cal. 2012), the defendant Dell and a law firm were parties to an agreement which contained an arbitration clause. An employee of the law firm filed suit against Dell and Dell moved to compel arbitration. The plaintiff argued that "because she was not a party to the contract made between Defendant and the Montegna Law Office, the arbitration clause in the contract does not apply to her and cannot be compelled." *Id*. at 1177.  The court disagreed with her contention and compelled her to arbitrate.  Relying on *Amisil*, the court held that:

> Here, as in *Amisil*, the alleged wrongful acts relate to Plaintiff's behavior as an agent of a signatory, and the claims arise out of or are related to the contract containing the arbitration clause. The alleged wrongful acts relate to Plaintiff's behavior as an agent because she was an employee of the Montegna Law Office and she answered the telephone number provided to Defendant. In addition, the claims asserted by Plaintiff relate to the Agreement because Defendant's communication with Plaintiff concerned the financing account associated with the Agreement. Plaintiff's claims further relate to the Agreement because the Agreement contained a section regarding telephone monitoring by Defendant. Both of the prongs established by *Amisil* are satisfied in the present case and compel Plaintiff, a nonsignatory, to comply with the arbitration agreement.

*Id*. at 1178.

The same is true in this case.  First, the alleged wrongful acts relate to Healy's behavior as an agent of a signatory, Smart Turn.  Healy alleges that NewAge breached the Fulfillment Agreement by failing to pay invoices allegedly owed to his former company Smart Turn and that he is now entitled to collect those amounts. *See Exhibit 1 of the Ellis Declaration*, ¶ *8*. Second, Healy's claims arise out of or are related to the contract containing the arbitration clause.  Healy's Complaint alleges one claim for breach of the Fulfillment Agreement by NewAge and Spano. The Fulfillment Agreement contains the Arbitration Clause. *Id*. at § 12(j).  Thus, both of the prongs established by *Amisil* are satisfied in the present case and compel Healy, a nonsignatory, to comply with the Arbitration Clause. Healy should be ordered by the Court to proceed immediately to arbitration of his claims.

DEFENDANTS' MOTION TO COMPEL ARBITRATION

## CONCLUSION AND REQUESTED RELIEF

For all of the foregoing reasons, Defendants respectfully request that this Court enter an order compelling the parties to proceed immediately to arbitration of their claims, that the Court retain jurisdiction to enforce any award, and that this action be dismissed with leave to re-open at the conclusion of arbitration.

Dated: December 24, 2019                    HOWARD & HOWARD ATTORNEYS PLLC

By: */s/ Ryan A. Ellis*
    Ryan A. Ellis, Esq.
    *Attorneys for Defendants*

# **PROOF OF SERVICE**

The undersigned declares:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is 2049 Century Park East, Suite 330, Los Angeles, California 90067.

On December 24, 2019, I served the foregoing **DEFENDANTS' MOTION TO COMPEL ARBITRATION** and **DECLARATION OF RYAN A. ELLIS IN SUPPORT OF MOTION TO COMPEL ARBITRATION** on parties to the within action by placing ( ) the original (x) a true copy thereof enclosed in a sealed envelope, addressed as follows:

Katrina Anne Foley
THE FOLEY GROUP, PLC
1600 Dove Street, Suite 101
Newport Beach, CA 92660
*Attorneys for Plaintiff*

(XX) (By U.S. Mail) On the same date, at my said place of business, said correspondence was sealed and placed for collection and mailing following the usual business practice of my said employer. I am readily familiar with my said employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service, and, pursuant to that practice, he correspondence would be deposited with the United States Postal Service, with postage thereon fully prepaid, on the same date at San Diego, California.

(___) (By Overnight Service) I served a true and correct copy by overnight delivery service for delivery on the next business day. Each copy was enclosed in an envelope or package designated by the express service carrier; deposited in a facility regularly maintained by the express service carrier or delivered to a courier or driver authorized to receive documents on its behalf; with delivery fees paid or provided for; addressed as shown on the accompanying service list.

(XX) (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 24, 2019          /s/ Ryan A. Ellis
                                        Ryan A. Ellis